## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN  DIVISION

M. S. Willman                                                    **Case No: No. 2:19-cv-10360**

          Plaintiff,                                          **HON. GERSHWIN A. DRAIN**

v.

United States Office of Attorney General,
in their Official Capacity                              LR. 9.1 (b) Constitutionality

          Defendant.                                          **RESPONSE TO EFC 18**
_____/             **DEFENDANT'S MOTION TO**
Daniel C. Willman (P55867)                               **DISMISS**
P.O. 606
Pinckney, MI 48169
248-231-0705
danielcwillman@aol.com                                  **ALSO SEE APPENDIX EFC 1.1**
Attorney for Plaintiff                                   **IN SUPPORT OF RESPONSE**
_____/

Matthew Schneider
United States Attorney
Zak Toomey (MO61618)
Benjamin A. Anchill (P70968)
211 W. Fort St., Ste. 2001
Detroit, MI 48226 3
313-226-9566
zak.toomey@usdoj.com
benjamin.anchill@usdoj.gov
Attorneys for Defendant
_____/

## PLAINTIFF'S RESPONSE
## TO DEFENDANT'S MOTION TO DISMISS EFC 18

On 4-4-19 a Stipulation and Order (EFC 16, PageID 406) was entered between

Plaintiff and all three (3) State of Michigan Defendants.  In sum the stipulation

removed Plaintiff from Michigan's Sex Offender Registry based upon mutual agreement that the 2006 and 2011 SORA amendments did not apply to Plaintiff and that prior SORA statutes did not apply because of the lapse of time provisions. All claims were then  dismissed against all State Defendants with prejudice.

## Plain Language

The Plain Language of SORNA clearly defines who is  **required** to register, what constitutes a **registry** and a registering **jurisdiction**.  Under  **34 U.S.C. §20911:** If a party **is** required to be on a Jurisdiction's registry then **and only then** is the information pertaining to that registrant forwarded to the National registry database for  inclusion per 34 U.S.C. §20921. Because of the above Plaintiff's prior registration information **is not required** or mandated to be maintained in the National Registry (The Dru Sjodin National Sex Offender Public website, NSOPW).

Defendant now asserts that Plaintiff could still be obligated to report to the State of Michigan to satisfy **a SORNA requirement that does not exist**. Defendant cites as sole authority the unpublished opinion of  United States v. Paul, 718 Fed.appx. 360 (2017) which runs counter to the Plain Language of SORNA and the U.S. Supreme Court Opinions of  Carr v. United States, 560 U.S. 438, 453, 1130 S.Ct. 2229, 76 L.Ed.2d 1152 (2010) and Nichols v. United States, 578 U.S. ___ 136 S. Ct. 1113; 194 L. Ed. 2d 324 (2016).

-ii-

**Registration is a Local Activity**

Registration is a local activity that Congress delegated via SORNA to the States' (Jurisdictions) etc ... "as an incentive to control the enforcement of their own registries"Carr at 453, which is consistent with the requirement of 34 U.S.C. §20913 **((e) State penalty for failure to comply)** that Jurisdictions offer a minimum punishment of up to one year for non-complaint offenders required to register with a Jurisdiction's registry, something **no longer required of Plaintiff**.

> In the United States, sex offender **registration is conducted at the local level**. . . . . .**Every one of these systems has its own nuances and distinct features**. **Every jurisdiction** (state, territory and tribe) **makes its own determinations about who is required to register**, what information offenders must provide, **which offenders are posted on the jurisdiction's** public registry website, and so forth. **EFC 1.1, PageID 97.** [1] DOJ SMART OFFICE.

The above is in step with the clear Plain Language of SORNA and the U.S. Supreme Court's application of SORNA as noted in Nichols v. United States, 578 U.S. ___ 136 S. Ct. 1113; 194 L. Ed. 2d 324 (2016) infra.

---

[1]
EFC 1.1, PageID 94:
U.S. Department of Justice, Office of Justice Programs, Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking (SMART)

Sex Offender Registration and Notification in the United States: Current Case Law and Issues March 2018

The SORNA registry is in the words of the DOJ SMART office a "search engine" and only compiles the registries of the Jurisdictions[2] noted in 34 U.S.C. 20911(9)(10) EFC 1.1. PageID 97.

If a party is arrested under federal law and convicted of a sex crime that defendant is required to register with a Jurisdiction noted in 34 U.S.C. §20911(10). The United States government is not a listed "Jurisdiction", all applicable Jurisdictions are clearly defined in 34 U.S.C. 20911 a statute that is all-inclusive.

**The Federal penalty for a non-complaint active registrant is set forth in 18 U.S.C. §2250.** A §2250 violation by an active registrant must occur in sequential order (Carr at 447): Showing an offender: **1**. Is required to register  **2**. Travels in interstate commerce and **3**. Knowingly fails to update a registration. Updating is not even required 42 U.S.C. § 16914 (a) (now section 34 U.S.C. §20914) "merely lists the pieces of information that a sex offender must provide if and when he updates his

---

[2]

**National Sex Offender Public Website**
 . . . NSOPW works much like a **search engine:** Jurisdictions connect their public sex offender registries to NSOPW by way of a web service or automated upload to enable NSOPW to query the jurisdictions' websites. Only information that is publicly listed on a jurisdiction's public sex offender registry website will display in NSOPW's search results. **The Department of Justice does not administer the registration information searched for or displayed on NSOPW, and only ensures that jurisdictions' registries can be queried through and results displayed on NSOPW.13**

registration; **it says nothing about . . . an obligation to update his registration in the first place."** Nichols v. United States at 1118.  Additionally there is no duty for even an active registrant to register while only passing through multiple jurisdictional lines, Nichols 1118-19.)   The Plain Language of SORNA (a current, modern, contemporary statute, with a host of clear definitions) does not support Defendant's position at all.  What Defendant now claims would, in fact be an enlargement of SORNA, an assertion/requests that "transcends judicial function." Iselin v. United States, 270 U.S. 245, 251, 46 S.Ct. 248, 70 L.Ed. 566, 5, (1926).

> **Rather than establishing a federal agency to implement SORNA, Congress, through its spending power, U.S. Const. Art. I, § 8, directed all states and the District of Columbia to create local registries that comply with specific national standards.** 42 U.S.C. §§ 16911(10), 16912(a). Nichols v. U.S, 136 S. Ct. 1113, 1116 (2016).

Defendant contends Plaintiff would have a Defense for not registering under SORNA if Plaintiff would first attempt to present himself to the State of Michigan to register and hope the State would not allow him to register and turn him away.   The above position would lead to absurd or impracticable consequences, United States v. Missouri Pac. R.R. Co. 278 U.S. 269, 278 49 S.Ct. 133, 73 L.Ed. 322 (1929) and is not required or mandated by the Plain Language of SORNA .

Plaintiff ask this Court to deny Defendant's Motion to Dismiss EFC 18 (unless there is also an ORDER or stipulation that SORNA does not apply to Plaintiff.

-v-

**Dated: 6-20-2019**                    Respectfully submitted,

s/Daniel C. Willman
Daniel C. Willman
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

M. S. Willman

          Plaintiff,

v.

United States Office of Attorney General,
in their Official Capacity

          Defendant.

_____/

Daniel C. Willman (P55867)
P.O. 606
Pinckney, MI 48169
248-231-0705
danielcwillman@aol.com
Attorney for Plaintiff

_____/

Matthew Schneider
United States Attorney
Zak Toomey (MO61618)
Benjamin A. Anchill (P70968)
211 W. Fort St., Ste. 2001
Detroit, MI 48226 3
313-226-9566
zak.toomey@usdoj.com
benjamin.anchill@usdoj.gov
Attorneys for Defendant

_____/

**Case No: No. 2:19-cv-10360**

**HON. GERSHWIN A. DRAIN**

LR. 9.1 (b) Constitutionality

**RESPONSE TO EFC 18
DEFENDANT'S MOTION TO
DISMISS**

**ALSO SEE APPENDIX EFC 1.1
IN SUPPORT OF RESPONSE**

**PLAINTIFF'S BRIEF
IN SUPPORT OF PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO DISMISS EFC 18**

# TABLE OF CONTENTS

**Page**

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-5

STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-25

I.    THE PLAIN LANGUAGE OF SORNA IS CLEAR  REGISTRATION IS A LOCAL ("JURISDICTION") ACTIVITY NOT FEDERAL. PLAINTIFF IS NO LONGER REQUIRED TO REGISTER UNDER SORNA.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II.   DEFENDANTS THREATENED ACTIONS THAT A FORMER REGISTRANT REMOVED (VIA A STIPULATION AND ORDER IN FEDERAL COURT) COULD BE PLACED BACK ON A JURISDICTIONS REGISTRY VIOLATES THE PLAIN LANGUAGE OF SORNA, AMOUNTS TO CRUEL AND USUAL PUNISHMENT-EXCESSIVE FINE  IN VIOLATION OF THE 8TH AMENDMENT OF THE U.S. CONSTITUTION.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

III.  PLAINTIFF WAS PROPERLY REMOVED IN FEDERAL COURT FROM MICHIGAN'S SORA REGISTRY BASED ON THE HOLDING OF DOES V. SYNDER. UNDER THE PLAIN LANGUAGE OF SORNA PLAINTIFF HAS NO FURTHER SORNA OBLIGATIONS AND DEFENDANT'S FAILURE TO OBJECT IS RES JUDICATA.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF CONTENTS-continued

**Page**

IV.  IN ADDITION TO BEING AGAINST THE PLAIN LANGUAGE OF SORNA (SUPRA) DEFENDANTS ASSERTIONS THEY COULD MAKE A PLAINTIFF PROPERLY REMOVED FROM A JURISDICTIONS REGISTRY IN FEDERAL COURT RE-REGISTER CONSTITUTES AN UNLAWFUL SEIZURE, AN INVASION OF PRIVACY INFRINGING ON THE RIGHT TO FREELY TRAVEL WITHOUT RESTRICTION OR CONDITION.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

V.  BASED ON DEFENDANT'S ASSERTIONS AND RELIANCE ON AN UNPUBLISHED OPINION WHICH RUNS COUNTER TO THE PLAIN LANGUAGE OF SORNA AND SUPREME COURT PRECEDENT CARR AND NICHOLS THIS CASE IS CAPABLE OF REPETITION YET EVADING JUDICIAL REVIEW.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

VI.  THE THREATENED ACTIONS OF DEFENDANT RUN COUNTER TO THE PLAIN LANGUAGE OF SORNA AND IN FACT EQUAL AN ACTUAL INJURY TO PLAINTIFF'S DUE PROCESS RIGHTS UNDER THE 5TH AND 14TH AMENDMENTS.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

CONCLUSION, REQUEST FOR RELIEF
AND ATTORNEY FEES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .25

CERTIFICATE OF SERVICE . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1

TABLE OF CASES, STATUTES AND OTHER AUTHORITIES . . . . . . . . . . . . iv-xi

ATTACHMENT- **6 Cir. I.O.P. 32.1** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-2-A4

-iii-

**TABLE OF CONTENTS**

**CONTROLLING OR
MOST APPROPRIATE AUTHORITY**

**U.S. Supreme Court**

**Sorna Cases**

Carr v. United States,
560 U.S. 438, 1 130 S.Ct. 2229, 76 L.Ed.2d 1152 (2010)

Nichols v. United States,
578 U.S. ___ 136 S. Ct. 1113; 194 L. Ed. 2d 324 (2016)

**Plain Language Cases**

Caminetti v. United States,
242 U.S. 470, 485 (1917).

United States v. Missouri Pac. R.R. Co.,
 278 U.S. 269, 278 (1929)

Escondido Mut. Water Co. v. La Jolla Band of Mission Indians,
466 U.S. 765, 772(1984)

North Dakota v. United States,
460 U.S. 300, 312 (1983) (citations omitted)).

**6th Circuit Sorna Cases**

United States v. Felts,
674 F.3d 599 (6th Cir. 2012)

Wright v. O'Day
706 F.3d 769 (6th Cir. 2013)

## TABLE OF CASES, STATUTES
## AND OTHER AUTHORITIES -continued

**Pages**

**U.S. Constitution**

Article I, § 8  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 23

Article 1 § 9-10. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Article. III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

1st  Amendment  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

4th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,20

5th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 20, 23

8th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 14-16

14th Amendment. . . . . . . . . . . . . . . . . . . . . . . . . 14, 16, 20, 23, 25

**Federal Statutes**  * pg xi-SORNA

18 U.S.C. §2250 . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3-4, 10-13, 19, 24

34 U.S.C. §20911 (9) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

4 U.S.C. §20911 (10) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

34 U.S.C. §20913 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

34 U.S.C. § 20914 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12, 22

34 U.S.C. §20921. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

34 U.S.C. §20922 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## TABLE OF CASES, STATUTES AND OTHER AUTHORITIES -continued

**Pages**

**Federal Rules of Civil Procedure**

F.R.C.P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

F.R.C.P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

**Other**

DOJ SMART office, EFC 1.1 PageID 97 . . . . . . . . . . . . . . . . . . . . . . . . 1,9-10, 17

**Federal Cases-U.S. Supreme Court**

Albright v. Oliver,
510 U.S. 266, 114 S.Ct. 807,127 L.Ed.2d 114 (1994). . . . . . . . . . . . . . . . . . . 21, 25

Buck v. Thomas M. Cooley Law Sch.,
597 F.3d 812 (6th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Caminetti v. United States,
242 U.S. 470, 37 S.Ct. 192,, 61 L.Ed. 442 (1917) ... . . . . . . . . . . . . . . . . . . . . . 8

Carr v. United States,
560 U.S. 438, 1130 S.Ct. 2229, 76 L.Ed.2d 1152 (2010) . . . . 2-4, 9-13, 19-22, 24-25

Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,
467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) . . . . . . . . . . . . . . . . . . . . 15

Civil Rights Cases, 1
09 U.S. 3, 3 S.Ct. 18, 27 L.E.2d 835 (1883). . . . . . . . . . . . . . . . . . . . . . . . . . 20

Cleveland Bd. of Educ, v. Loudermill,
470 U.S. 532,105 S.Ct. 1487, 84 L.Ed.2d 494(1985) . . . . . . . . . . . . . . . . . . . . 24

**TABLE OF CASES, STATUTES**
**AND OTHER AUTHORITIES -continued**

**Pages**

**Federal Cases-U.S. Supreme Court**

Conley v. Gibson,
355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) . . . . . . . . . . . . . . . . . . . . . . . . 5

Connecticut National Bank v. Germain,
503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) . . . . . . . . . . . . . . . . . . . . . 14

County of Sacramento v. Lewis
523 U.S. 833 118 S.Ct. 1708, 140 L.Ed.2d 1043, 66  (1998) . . . . . . . . . . . . . . . . . 14

Daniels, v. Williams,
474 U.S. 327, 106 S.Ct. 677, 88 L.Ed.2d 662 (1986) . . . . . . . . . . . . . . . . . . . . . . . .14

Eastern Enterprises v. APFEL, 5
24 U.S. 498, 118 S.Ct. 2131, 141 L.Ed.2d 451, 66 (1998) . . . . . . . . . . . . . . . . . . . 17

Escondido Mut. Water Co. v. La Jolla Band of Mission Indians,
466 U.S. 765, 772, 104 S.Ct. 2105, , 80 L.Ed.2d 753 (1984) . . . . . . . . . . . . . . . . . 8

Farmer v. Brennan
511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811(1994) . . . . . . . . . . . . . . . . . . . . . . 25

Friends of The Earth,v. LaidlawEnvtl. Servs,
528 U.S. 167,120 S.Ct. 693, 145 L.Ed.2d 610 (2000) . . . . . . . . . . . . . . . . . . . . . . . 22

Gideon v. Wainwright,
372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . 24

Globe Newspaper Co .v.  Superior Court,
457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982) . . . . . . . . . . . . . . . . . . . . . . . 22

**TABLE OF CASES, STATUTES
AND OTHER AUTHORITIES -continued**

**Pages**

**Federal Cases-U.S. Supreme Court**

Gwaltney. v. Chesapeake ,
484 U.S. 49, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987) . . . . . . . . . . . . . . . . . . . . . . . . 11

Iselin v. United States,
270 U.S. 245, 46 S.Ct. 248, 70 L.Ed. 566 (1926) . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

Lambert v. California,
355 U.S. 225, 78 S.Ct. 240,, 2 L.Ed.2d 228 (1957) . . . . . . . . . . . . . . . . . . . . . . . 21

Lewis v. Continental Bank Corp.,
494 U.S. 472, 110 S.Ct. 124, 108 L.Ed.2d 400 (1990) . . . . . . . . . . . . . . . . . . . . . 5

McKune v. Lile,
536 U.S. 24, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002) . . . . . . . . . . . . . . . . . . . . . . 24

Mesquite v. Aladdin's Castle,
455 U.S. 283, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982) . . . . . . . . . . . . . . . . . . . . . 22

Middlesex County Sewerage Authority v. Nat. Sea Clammers Assn,
453 U.S. 1 101 S.Ct. 2615,, 69 L.Ed.2d 435 (1981) . . . . . . . . . . . . . . . . . . . . . . . 15

Nichols v. United States,
578 U.S.__ , 136 S. Ct. 1113, 194 L. Ed. 2d 324(2016) . . . 3-4, 10-12, 21-22, 24-25

North Dakota v. United States,
460 U.S. 300, 103 S.Ct. 1095, 75 L.Ed.2d 77 (1983) . . . . . . . . . . . . . . . . . . . . . . 8

Packingham, v. North Carolina
__U.S. __ 137  S.Ct. 1730, 198 L.Ed.2d 273, (2017) . . . . . . . . . . . . . . . . . . . 23-24

Robinson v. California,
370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) . . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF CASES, STATUTES
# AND OTHER AUTHORITIES -continued

**Pages**

**Federal Cases-U.S. Supreme Court**

Smith v. Doe,
538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003) . . . . . . . . . . . . . . . . . . . . . . 24

Stanley v. Georgia,
394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969) . . . . . . . . . . . . . . . . . . . . . . . 10

Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) . . . . . . . . . . . . . . . . . 6

Timbs v. Indiana,
No. 17–1091, 586 U.S. (2019) EFC 17, PageID 422. . . . . . . . . . . . . . . . . . . . . . . 16

Tyson Foods v. McReynolds,
865 F.2d 99 (6th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

United States v. Missouri Pac. R.R. Co.
278 U.S. 269, 278 49 S.Ct. 133, 73 L.Ed. 322 (1929) . . . . . . . . . . . . . . . . . . 1-2, 5, 8

United States v. Nixon,
418 U.S. 683, 94 S.Ct. 3090.  41 L.Ed.2d 1039 (1974). . . . . . . . . . . . . . . . . . . . . . 22

Weems v. United States,
217 US 349, 30 S.Ct 544, 54 L Ed 793 (1910) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Welch v. United States,
__ U.S.__, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). . . . . . . . . . . . . . . . . . . . . . . 25

Williams v. Fears,
179 U.S. 270, 21 S.Ct. 128, 45 L.Ed. 186 (1900) . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## TABLE OF CASES, STATUTES
## AND OTHER AUTHORITIES -continued

**Pages**

**6th Circuit**

Amini v. Oberlin College,
259 F.3d 493, (6th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Bassett v. Nat'l Collegiate Athletic Ass'n,
528 F.3d 426, (6th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Citizens Coal Council v. U.S. E.P.A.,
447 F.3d 879(6th Cir.2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Cutshall v. Sundquist,
193 F.3d 466 (6th Cir.1999) . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Does #1-5 v. Snyder,
834 F3d 696 (6th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Johnson v. Cincinnati,
310 F.3d 484(6thCir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Lambert v. Hartman,
517 F.3d 433, (6th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

U.S. v. Felts
674 F.3d 599 (6th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . .10-11, 17, 22-23

Wright v. O'Day
706 F.3d 769 (6th Cir.2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 25

## TABLE OF CASES, STATUTES
## AND OTHER AUTHORITIES -continued

**Pages**

**Other Federal Circuits**

Estate of Bell v. Commissioner,
928 F.2d 901, (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Evans v. Ball, 1
68 F.3d 856(5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Gallo v. City of Philadelphia,
161 F.3d 217(3d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Murphy v. Lynn,
118 F.3d 938 (2nd Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**Unpublished 6th Circuit Opinion**

U.S. v. Paul,**
718 Fed.Appx. 360 (2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2, 11, 21-22

 **\* Appendix EFC 1.1, PageID 232, for cross reference SORNA reclassification**

**\* \*Did not meet any of the criteria for consideration for publication, 6 Cir. I.O.P. 32.1 Preparation and Release of Opinions; Publication of Decisions See A-2-A4.**

**STATEMENT OF FACTS**

Per Stipulation and Order EFC 16, PageID 406, Plaintiff has achieved his objective of removal from the SORA and SORNA registries.  In the matter at hand Defendant has raised the issue that the Federal government can make a **Jurisdiction** place a former registrant  back on a **registry** even if the former registrant **is** not **required** to register in the **Jurisdiction** in which they **reside** (EFC 18, PageID 460.

The Plain Language of SORNA is clear that the power to place a party on a registry **is a local matter not Federal**, a fact cited by the DOJ SMART office, EFC 1.1 PageID 97.  Defendant cites the unpublished opinion U.S. v. Paul, 718 Fed.Appx. 360 (2017) as sole authority for their position EFC 18, PageID 46 (Paul did not meet any of the criteria for consideration for publication, 6 Cir. I.O.P. 32.1 Preparation and Release of Opinions; Publication of Decisions See A-2-A4).   The position of Defendant runs against the Plain Language of SORNA and the March 2018, Opinion of the DOJ SMART-Office, EFC 1.1 PageID 97.

Defendant seeks to have this Court create a rule that Plaintiff could have an affirmative defense by presenting himself to the State of Michigan to register under SORNA and then be turned away.  Such a defense is not listed under 18 U.S.C. §2250 or any SORNA provision in fact Defendants assertion would  "lead to absurd or impracticable consequences" United States v. Missouri Pac. R.R. Co., 278 U.S. 269,

1

278 (1929) and runs contrary to the intent of the statute, and "is little more than *ipse dixit*." Carr v. United States 560 U.S. 438, 453 (2010).  Indeed:

> " [w]hat the government asks is not a construction of a statute, but, in effect, an enlargement of it by the court, so that what was omitted, presumably by inadvertence, may be included within its scope. **To supply omissions transcends the judicial function**." Iselin v. United States, 270 U.S. 245, 251, 46 S.Ct. 248, 70 L.Ed. 566, 5, (1926).

Based upon the above an actual case and controversy exists. Defendant contends that all of the theories backing Plaintiff's claim have been heard and dismissed in prior rulings **all of which were applied to active registrants not a former registrant who was alread removed** from a registry in Federal Court. EFC 16, PageID 406.

Plaintiff asks this Court to deny Defendant's Motion to Dismiss EFC 18 unless there is also an ORDER or stipulation that SORNA does not apply to Plaintiff.

## SUMMARY OF ARGUMENT

Plaintiff was removed from the State of Michigan SORA registry per stipulation and Order in Federal Court (EFC 16, PageID 406).  Defendant is now asserting that under SORNA Plaintiff could still be obligated to report to the State of Michigan to satisfy a requirement **that does not exist anywhere within the Plain Language text of SORNA** . Defendant can cite no authority to the contrary except the unpublished opinion of  United States v. Paul, 718 Fed.appx. 360 (2017) which

runs counter to the the Plain Language of SORNA and the U.S. Supreme Court Opinions of  Carr v. United States, 560 U.S. 438, 453, (2010) and Nichols v. United States,  578 U.S. ___,136 S. Ct. 1113 (2016).

**Plain Language**

The plain language of SORNA clearly defines who is  **required** to register, what constitutes a **registry** and a registering **jurisdiction**.  Under  **34 U.S.C. §:** If a party **is** required to be on a Jurisdiction's registry **then and only then** is the information pertaining to that registrant forwarded to the National registry for inclusion per 34 U.S.C. §20921.

Registration is a local activity that Congress via SORNA delegated  to the States' (Jurisdictions') etc ...  "as an incentive to control the enforcement of their own registries"Carr at 453,  which is consistent with the requirement of 34 U.S.C. §20913 **(e)** that Jurisdictions offer a minimum punishment of  up to  one year  for non-compliant offenders required to register with a Jurisdiction's registry, **something no longer required of Plaintiff** .

What Defendant now claims would be an enlargement of SORNA, an assertion/requests that "transcends judicial function." Iselin v. United States, 270 U.S. 245, 251, 46 S.Ct. 248, 70 L.Ed. 566, 5, (1926).

The Federal penalty for a  non-compliant active registrant is set forth in   18

3

U.S.C. §2250.  A §2250 violation  by an active registrant must occur  in sequential order (Carr at 447): Showing an offender: **1**. Is required to register **2**. Travels in interstate commerce and **3**. Knowingly fails to update a registration, yet updating is not even required §16914 (a) (now section 34 U.S.C. §20914) "merely lists the pieces of information that a sex offender must provide if and when he updates his registration; **it says nothing about . . . an obligation to update his registration in the first place."** Nichols at 1118.  There is **no duty** for even an active registrant to register while only passing through multiple jurisdictional lines, Nichols 1118-19.)

Defendant contends that all of the theories backing Plaintiff's claim have been heard and dismissed in prior rulings (EFC 18 PageID 458), Plaintiff points out here that all of those cases were applied to active registrants.

As a result of the above an actual case and controversy exists. Wright v. O'Day 706 F.3d 769 (6th Cir.2013)(citing Cutshall v. Sundquist, 193 F.3d 466, 472 (6th Cir.1999)), threat of placement on a registry did in fact equal an injury in fact. Thus Plaintiff still asserts viable claims under the 8th Amendment as well as the 1st, 4th, 5th, and 14th Amendments to the Constitution of the United States of America.

Defendant contends Plaintiff would have a Defense for not registering under SORNA if Plaintiff would present himself to the State of Michigan to register and hope the State would turn him away. The above position **is not required or**

**mandated by the Plain Language of SORNA** and would lead to an absurd or impracticable consequences. U.S. v.Missouri Pac. R.R. Co. 278 U.S. 269, 278 (1929).

Plaintiff asksthis Court to deny Defendant's Motion to Dismiss EFC 18 **unless** there is also an ORDER or stipulation that SORNA does not apply to Plaintiff.

**Standard of Review**

**F.R.C.P. 12(b)(1)**

Federal Courts are courts of limited jurisdiction, in order for a case to proceed in federal court an actual ongoing case and controversy must exist Article. III., U.S. Constitution, "to envoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank, 494 U.S. 472, 477, 110 S.Ct. 124, 108 L.Ed.2d 400 (1990)(numerous other citations omitted).

**F.R.C.P. 12(b)(6)**

Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. A complaint should not be dismissed under 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove **no set of facts in support of his claim which would entitle him to relief.**" Conley v. Gibson, 355 U.S. 41, 45-46, (1957).

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe

5

the complaint in a light most favorable to the plaintiff and accept all of his or her factual allegations as true. Lambert v. Hartman, 517 F.3d 433, 439 (6th Cir. 2008).

The district court generally reviews only the allegations set forth in the complaint in determining on whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001). Also see. Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008) public records, items appearing in the record of the case and exhibits . The Court must also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor, 551 U.S. 308, 322, (2007). In the case at hand a Stipulation and Order was entered EFC 16, **PageID 406, removing Plaintiff** from Michigan's SORA registry and **is part of the record** to be considered.

## ARGUMENT

**I. THE PLAIN LANGUAGE OF SORNA IS CLEAR REGISTRATION IS A LOCAL ("JURISDICTION") ACTIVITY NOT FEDERAL. PLAINTIFF IS NO LONGER REQUIRED TO REGISTER UNDER SORNA.**

While there have been many Constitutional challenges to SORNA there are few challenges to it textual interpretation, such challenges have focused on the use

6

of past and present tense within SORNA.  SORNA is a contemporary statute written

in clear terms with a host of unambiguous definitions.  The plain language of SORNA

clearly defines who is   **required** to register, what constitutes a **registry** and a

registering **jurisdiction**.  Under  **34 U.S.C. §20911:**

> **(9) Sex offender registry** The term "sex offender **registry"** means a
> registry of sex offenders, and a notification program, **maintained by a
> jurisdiction.**

> **(10) Jurisdiction** The term "jurisdiction" means any of the following:
> (A) A State. (B) The District of Columbia. (C) The Commonwealth of
> Puerto Rico. (D) Guam. (E) American Samoa. (F) The Northern Mariana
> Islands. (G) The United States Virgin Islands. (H) To the extent
> provided and subject to the requirements of section 20929 of this title,
> a federally recognized Indian tribe.

Per the above individuals on the Federal website are there because they are:

1.     **Required** by a

2.     **Jurisdiction** to be on that Jurisdiction's

3.     **Registry**.

If a party **is required** to be on a Jurisdiction's registry then and only then is the

information pertaining to that registrant forwarded to the National registry for

inclusion per **34 U.S.C. §20921 National Sex Offender Registry (a) Internet:**

> The Attorney General shall maintain a national database at the Federal
> Bureau of Investigation for each sex offender and any other person
> **required to register in a jurisdiction's** sex offender **registry**. The
> database shall be known as the National Sex Offender Registry.

Furthermore under **34 U.S.C. §20922:**

**Dru Sjodin National Sex Offender Public Website (a) Establishment (b) Information to be provided** The Website shall include relevant information for each sex offender and other person <u>listed on a jurisdiction's Internet site</u>.

**"Where the language is plain and admits of no more than one meaning the duty of interpretation does not arise"**, <u>Caminetti</u> v. <u>United States</u>, 242 U.S. 470, 485 37 S.Ct. 192, 61 L.Ed. 442 (1917),[W]here the language of an enactment is clear and construction according to its terms does not lead to absurd or impracticable consequences, <u>the words employed are to be taken as the final expression of the meaning intended</u>; <u>United States</u> v. <u>Missouri Pac. R.R. Co.</u>, 278 U.S. 269, 278 (1929).

Since it should be generally assumed that Congress expresses its purposes through the ordinary meaning of the words it uses, we have often stated that '[absent] a clearly expressed legislative intention to the contrary, **[statutory] language must ordinarily be regarded as conclusive.'** <u>Escondido Mut. Water Co.</u> v. <u>La Jolla Band of Mission Indians</u>, 466 U.S. 765, 772, 104 S.Ct. 2105, 80 L.Ed.2d 753 (1984) (quoting <u>North Dakota</u> v. <u>United States</u>, 460 U.S. 300, 312, 103 S.Ct. 1095,, 75 L.Ed.2d 77 (1983) (citations omitted). <u>Nichols</u> v. <u>United States</u>, 578 U.S. ___ , 136 S. Ct. 1113; 194 L. Ed. 2d 324 (2016) **"We interpret criminal statutes, like other statutes, in a manner consistent with ordinary English usage.**

8

**Registration is a Local Activity.**

The federal government does not maintain an offender registry it simply **compiles the information** (it is a search engine) of the Jurisdictions that are required to maintain a registry. In Carr v. United States, 560 U.S. 438, 1 130 S.Ct. 2229, 76 L.Ed.2d 1152 (2010) the Court noted that registration was a local activity, that **SORNA in fact delegated registration** to the States etc ... "as an incentive to control the enforcement of their own registries" At 453.   The Court further noted the status given to the registering jurisdictions:

> Congress instead chose to handle federal and state sex offenders differently. There is nothing "anomal[ous]" about such a choice . . . . It is similarly reasonable for Congress to have given the States primary responsibility for supervising and ensuring compliance among state sex offenders and **to have subjected such offenders** to federal criminal liability **only when**, after SORNA's enactment, **they use the channels of interstate commerce in evading a State's reach.** At 457.

[I]t is notable that the federal sex-offender registration laws have, from their inception, expressly relied on state-level enforcement Carr at 453.  The DOJ SMART office has also noted: **Registration is a Local Activity**:

> Every U.S. state, the District of Columbia, the five principal U.S. territories and over 125 federally recognized Indian tribes have their own sex offender registration and notification systems. Every one of these systems has its own nuances and distinct features. **Every jurisdiction (state, territory and tribe) makes its own determinations about who is required to register, what information offenders must provide, which offenders are posted on the jurisdiction's public**

9

**registry** website, and so forth. **EFC 1.1, PageID 97**[1]

The above is in step with the clear Plain Language of SORNA, the U.S. Supreme Court's and 6th Circuit application of SORNA as noted in Nichols v. United States, 578 U.S. ___ 136 S. Ct. 1113; 194 L. Ed. 2d 324 (2016)[2] **"We interpret criminal statutes, like other statutes, in a manner consistent with ordinary English usage".** U.S. v. Felts 674 F.3d 599, 603 (6th Cir. 2012):

> **Rather than establishing a federal agency to implement SORNA, Congress**, through its spending power, U.S. Const. Art. I, § 8, **directed all states and the District of Columbia to create local registries** that comply with specific national standards.42 U.S.C.§16911(10), 16912(a).

SMART-Office information complied by SORNA in regard to registrants **required** to be on their **jurisdictions registry** is similar to a Google search:

> NSOPW works much like a search engine: Jurisdictions connect their public sex offender registries to NSOPW by way of a web service or automated upload to enable NSOPW to query the jurisdictions' websites. **Only information that is publicly listed on a jurisdiction's public sex offender registry website will display in NSOPW's search results.** The Department of Justice does not administer the registration information searched for or displayed on NSOPW, **and only ensures that jurisdictions' registries can be queried** through and results displayed on NSOPW. EFC 1.1, PageID 97.

---

[1] Taken directly from the DOJ https://smart.gov/caselaw.htm. SMART- Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking March 2018. EFC 1.1, PageID 97.

[2] Nichols and Felts both dealt with 18 U.S.C. § 2250.

"A statute's **"undeviating use of the present tense"** is a "striking indic[ator]"

of its "prospective orientation."  Carr , at 449 supra citing Gwaltney. v. Chesapeake

, 484 U.S. 49, 59, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987).  The Plain Language and

definitions of SORNA as to the terms, **required, registry and jurisdiction,** supra

directly impact:

> **18 U.S.C. § 2250:**
>
> **Failure to register** (a) IN GENERAL.—**Whoever— (1) is required to register** under the Sex Offender Registration and Notification Act; (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and (3) knowingly **fails to register** or update a registration **as required** by the Sex Offender Registration and Notification Act.

In the 9-0 decision of Nichols v. United States, 578 U.S. ___ 136 S. Ct. 1113

(2016) a State of Kansas resident and active registrant left the United States for the

Philippines without informing Kansas authorities.  The Defendant was brought back

to Kansas and convicted as in Felts.   Unlike Felts and the defendant in the

unpublished Paul [3]case the defendant in Nichols was granted cert before the United

---

[3]

per **6 Cir. I.O.P. 32.1 Preparation and Release of Opinions; Publication of Decisions**, the Paul case did not meet the criteria for publication, see attached A2-A4.

11

States Supreme Court.  Writing for a unanimous Court Justice Alito noted 1116:

> Congress made it a federal crime for a sex offender who meets certain requirements to "knowingly fai[l] to register or update a registration **as required** . .  18 U. S. C. §2250(a)(3); Carr . . 560  U. S. 438 –442.

To be found guilty of a 18 U.S.C. §2250 violation it must be shown in sequential order (Carr v. United States, 560 U.S. 438, 447, (2010) that a party

1. Is required register

2. Travels in interstate commerce and

3. Knowingly fails to update a registration,

Yet **updating is not required as the Court held** section § 16914(a) (now section 34 U.S.C. §20914) "merely lists the pieces of information that a sex offender must provide if and when he updates his registration; **it says nothing about whether the offender has an obligation to update his registration in the first place."** at 1118.  The court also noted that the Plain Language of the statute is framed in a **"consistent use of the present tense"** at 1118.  Furthermore there is no duty for even an active registrant to register while only passing through multiple state/jurisdictional lines (per Justice Alito the court used the example of driving an RV across multiple state (Jurisdictional) lines at 1118-19.)   It is also worth noting in Nichols that the contentions of the Federal government were  that the defendant had to give notice to his registering Jurisdiction Kansas and not the Federal government,

12

which is consistent with the requirement that Jurisdictions establish a minimum punishment of up to one year jail time (per 34 U.S.C. §20913 (e) **State penalty for failure to comply**) with a Jurisdictions registry by a registrant required to do so, **which is no longer required of Plaintiff**. Carr v. U.S, 560 U.S. 438, 453, (2010)

In the case at hand if a active registrant does not have to register while passing through a jurisdiction then clearly the same would be true of a registrant such as Plaintiff **who has been removed from a registry in Federal Court**.

## Clear Use of Present Tense

Before 4-4-2019 Plaintiff **was required** to register but he **is no longer required** to be on the State of Michigan register. The term required is clearly defined and placement on a registry is left to the Jurisdiction in which a registrant resides.

The terms "resides" among other terms in 18 U.S.C. 2250 was the main subject of debate in Carr. The Carr Court noted the clear language of 18 U.S.C. § 2250 and its use of the term "resides" was present tense. Indeed it was noted in its entirely that the Plain Language of 18 U.S.C. § 2250 was stated in the present tense which includes the phrase **"whoever is required"**, "elements of a §2250 violation are similarly set forth in the present tense." Carr at 450.

As the Supreme Court has explained: "[I]n interpreting a statute a court should always turn to one cardinal canon before all others. . . .**[C]ourts must presume that**

13

**a legislature says in a statute what it means and means in a statute what it says there."** <u>Connecticut National Bank</u> v. <u>Germain</u>, 503 U.S. 249, 112 S.Ct. 1146,1149 (1992). Indeed, "[w]hen the words of a statute are unambiguous, then, this first canon is also the last: `judicial inquiry is complete.'"Id."Congress is presumed to act intentionally and purposely when it includes language in one section but omits it in another." <u>Estate of Bell</u> v. <u>Commissioner</u>, 928 F.2d 901, 904 (9th Cir. 1991).

Based upon the above there is zero authority in support of Defendant's threatened position that by their own fiat they can place a properly removed former registrant back on a registry.

**II. DEFENDANTS THREATENED ACTIONS THAT A FORMER REGISTRANT REMOVED (VIA A STIPULATION AND ORDER IN FEDERAL COURT) COULD BE PLACED BACK ON A JURISDICTIONS REGISTRY VIOLATES THE PLAIN LANGUAGE OF SORNA, AMOUNTS TO CRUEL AND UNUSUAL PUNISHMENT -EXCESSIVE FINE IN VIOLATION OF THE 8TH AMENDMENT OF THE U.S. CONSTITUTION.**

The one **major** thing that has occurred since Plaintiff filed his Complaint EFC 1, is that **he has been properly removed from the State of Michigan SORA registry** EFC 16, PageID 406.  As noted above the U.S. government only compiles the **registry** of each **jurisdiction** and which  individuals are **required**[4] to appear on

---

[4] `[i]n the absence of ***strong indicia*** of contrary congressional intent, we are compelled

14

a **registry** is a local matter.

This case was seemingly moot and Plaintiff reached out in good-faith to settle the matter but the actions of Defendant asserting they can place someone **who has been properly removed from a registry** back on a registry via their own fiat works to circumvent and undermine the Plain Language of SORNA.

Absent a conviction post-dating his removal from the registry EFC 16, PageID 406 or deciding to reside/relocate to another jurisdiction (where it would be asserted the new state must recognize and accept the Federal Order) the status of Plaintiff cannot be changed.   It would be cruel and unusual punishment to require an individual to comply with restrictions that a Federal Court has already Ordered they are no longer required to follow.

**Not One Documented Case**

**There is not one documented case** of a former registrant who was properly removed from a registry, being placed back on a registry because of a SORNA mandate. The threatened actions of Defendant are cruel, unusual  and excessive in

---

to conclude that Congress provided precisely the remedies it considered appropriate.'" (quoting Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n, 453 U.S. 1, 15 (1981). Also see Chevron, U.S.A.,. v. Natural Res. Def. Council,, 467 U.S. 837, 842-43 (1984); Citizens Coal Council v. U.S. E.P.A., 447 F.3d 879, 890-92 (6th Cir.2006).

violation of the 8th Amendment[5].

In his Complaint (EFC 1, PageID 46-50. Para #187-217, hereby incorporates by reference) Plaintiff asserted that at the heart of the 8th Amendment is the prohibition against cruel and unusual punishment, the "precept of justice that punishment for crime should be graduated and proportioned to [the] offense." Weems v. United States, 217 US 349, 367; 30 S.Ct 544, 54 L Ed 793 (1910).[6]

Defendant's Motion should not be granted unless the court enters an ORDER that Plaintiff cannot be placed on a registry and SORNA does not apply to him and cannot be subject to registration absent a listed conviction post-dating his removal from the registry EFC 16, PageID 406.

**III.    PLAINTIFF WAS PROPERLY REMOVED IN FEDERAL COURT FROM MICHIGAN'S SORA REGISTRY BASED ON THE HOLDING OF DOES V. SYNDER. UNDER THE PLAIN LANGUAGE OF SORNA PLAINTIFF HAS NO FURTHER SORNA OBLIGATIONS AND DEFENDANT'S FAILURE TO OBJECT IS RES JUDICATA.**

The plain language of SORNA and its definitions supra, make clear the U.S.

---

[5]

The 8th Amendment to the United States Constitution states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The 8th Amendment is applicable on the states via the 14th Amendment, Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).

[6]

Also See Timbs v. Indiana, No. 17–1091, 586 U.S. (2019), EFC 17, PageID 422.

16

Government does not maintain:

1. A registry and is not a

2. Registering jurisdiction, with whom registrants are required to register.

Defendant misses the whole intent of SORNA when they assert that <u>United States</u> v. <u>Felts</u>, 674 F.3d 599 (6th Cir. 2012) applies to SORNA and <u>Does #1-5</u> v. <u>Snyder</u>, 834 F3d 696 (6th Cir. 2016) only applies to SORA.  SORNA clearly directs each Jurisdiction to set up a registry and implement standards for all of those required to be on a Jurisdiction's registry.  Per <u>Snyder</u>, Plaintiff was removed from the Michigan registry as a consequence he was also removed from the Federal registry.

In <u>Snyder</u>, the Court ruled that Michigan's SORA was unjust[7] and violated the Ex post facto clause (Article 1 § 9-10) of the U.S. Constitution. The U.S. Supreme Court denied cert thus affirming <u>Snyder</u>, and making the decision controlling and binding for the states that comprise the U.S. Sixth Circuit Court of Appeals a fact acknowledged by the DOJ: <u>https://smart.gov/caselaw.htm.</u> (EFC 1.1 PageID  100).

The Plain Language of SORNA is clear that the power to place a party on the registry is a **local matter** as acknowledged by the DOJ (EFC 1.1, PageID 97). Plaintiff was taken off Michigan's SORA registry via Stipulation between Plaintiff

---

[7]

**"[R]etrospective laws are, indeed, generally unjust."** J. Thomas concurring, <u>Eastern Enterprises</u> v. <u>APFEL</u>, 524 U.S. 498, 538, (1998)

and all State of Michigan Defendants and a proper Order was entered in this Court. Reasonable diligence would dictate that if Defendant had any objections to the Stipulation and ORDER those objections should have been raised at that time.

### Res judicata

Indeed **Defendant has not even raised an objection or attempted to brief an objection to the Stipulation and Order (thus waiving the issue entirely)** in the motion at hand, their claim is simply based on an unpublished opinion asserting they have the right to add a party to a registry.  In essence the matter is Res judicata which "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." Id. (internal quotation marks omitted).  Buck v. Thomas M. Cooley Law Sch., 597 F.3d 812, 817 (6th Cir. 2010).

A defendant has no right to enforcement of an unconstitutional law . . . Tyson Foods v. McReynolds, 865 F.2d 99, 103 (6th Cir. 1989) and as noted above Defendant via the Plain Language of SORNA **does not have the right to enforcement of a law that does not exists**.

Defendant's Motion should not be granted unless the court enters an ORDER that Plaintiff cannot be placed on a registry and SORNA does not apply to him.

18

**IV.    IN ADDITION TO BEING AGAINST THE PLAIN LANGUAGE OF SORNA (SUPRA) DEFENDANTS ASSERTIONS THEY COULD MAKE A PLAINTIFF PROPERLY REMOVED FROM A JURISDICTIONS REGISTRY IN FEDERAL COURT RE-REGISTER CONSTITUTES AN UNLAWFUL SEIZURE, AN INVASION OF PRIVACY INFRINGING ON THE RIGHT TO FREELY TRAVEL WITHOUT RESTRICTION OR CONDITION.**

Plaintiff was properly removed from the State of Michigan SORA registry and contrary to Defendant's suggestion Plaintiff has no duty to update any information including his living or travel arraignments (Carr, supra). 34 U.S.C. §20913 (e) directs Jurisdictions to have at least a one year jail penalty for those required to register within a Jurisdiction and 18 U.S.C. § 2250 mandates the Federal penalty for someone who is required to be on a Jurisdiction's registry, travels in interstate commerce and fails to update. Carr at 453.

Though Defendant is correct in asserting that all of the theories within Plaintiff's Complaint have been presented throughout this Nation's Courts there is not one case of a registrant properly removed from a registry being placed back on a registry based on the fiat of any government agency.  What Defendant asserts and suggests is that this Court invent a rule to add to one of the most comprehensive, sweeping statutory schemes the United States Congress has ever enacted.  **There is zero authority to support Defendant's assertion** and said assertions runs wholly

19

contrary to United States Supreme Court precedent.

Because of Defendant's assertions and because Plaintiff is no longer a registrant the claims in Plaintiff's Complaint EFC 1, are suffcently live enough to establish an actual case and contreversy for Violation of his right to privacy (1st and 14th Amendments and 5th Amendment travel[8] [privileges and immunities clause]) resulting in essence an unreasonable seizure in violation of his 4th Amendment[9] rights.

The **"implied "right to privacy"** was established in the 9-0 decision of Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969). The Framers conferred, as against the Government **the right to be let alone** the most comprehensive of rights and the right most valued by civilized man.

Applying SORNA to a non-registrant such Plaintiff would make him

---

[8] **"[P]ersonal liberty consists,** says Blackstone**, in the power of locomotion,** of changing situation, or removing one's person to whatever place one's own inclination may direct, without restraint. Civil Rights Cases, 109 U.S. 3, 39 (1883) (Harlan, J., dissenting). "[T]he right to remove from one place to another according to inclination, is an attribute of . . . liberty . . . secured by the Fourteenth Amendment and by other provisions of the Constitution. Williams v. Fears, 179 U.S. 270, 274 (1900).

[9] Travel restrictions via court order have been found to diminish liberty constituting a seizure in the 2nd, 3rd and 5th Circuits,the 6th Circuit has not addressed the issue directly to date. Murphy v. Lynn, 118 F.3d 938 (2nd Cir. 1997), Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3rd Cir. 1998). Evans v. Ball, 168 F.3d 856, 861 (5th Cir. 1999).

20

**"scarcely at liberty"**, remaining  apprehended and arrested in his  movements, **indeed 'seized** so long as Defendant asserts he is bound to answer the Federal govt registration requirements and restrictions or be confronted with a loss of liberty. Albright v. Oliver, 510 U.S. 266, 279 (1994).  As Justice Stevens correctly noted in his dissent in Albright at 290: "[T]he initial seizure of registrant continues until discharge." which may never occur, but will last at the minimal 15 to life." In the case at **hand Plaintiff is no longer a registrant**.

SORNA and SORA no longer apply to Plaintiff, he is now an average member of the community and "[a] law which punished conduct which would not be blameworthy in the average member of the community would be too severe for that community to bear. Lambert v. California, 355 U.S. 225, 230 (1957).

**V.   BASED ON DEFENDANT'S ASSERTIONS AND RELIANCE ON AN UNPUBLISHED OPINION WHICH RUNS COUNTER TO THE PLAIN LANGUAGE OF SORNA AND  SUPREME COURT PRECEDENT <u>CARR</u> AND <u>NICHOLS</u> THIS CASE IS CAPABLE OF REPETITION YET EVADING JUDICIAL REVIEW**

Though Plaintiff was removed from the State of Michigan SORA registry the remaining  Defendant now asserts they can make Plaintiff re-register with SORNA. Defendant cites as sole authority for their position EFC 18, PageID 46 (United States v. Paul, 718 Fed.appx. 360 (2017) a case which did not meet any of the criteria for consideration for publication.

As was clearly noted in <u>Nichols</u>, section § 16914(a) (now section 34 U.S.C. §20914) "merely lists the pieces of information that a sex offender must provide if and when he updates his registration; **it says nothing about whether the offender has an obligation to update his registration in the first place."** at 1118.

The cases cited by Defendant <u>Felts</u>, and the unpublished <u>Paul</u> dealt with active registrants who were required to register with the State in which they resided. **Plaintiff is not an active registrant**, and per <u>Nichols</u> and <u>Carr</u> and the arguments cited supra he is no longer subject to SORNA, and Defendant can cite no authority to the contrary.  Defendant seeks to have the Court create a rule for this one case where no such rule is within the clear Plain Language of SORNA .  <u>Nichols</u> v. <u>U.S</u>, 578 U.S. ___,136 S. Ct. 1113, 1116 (2016)  **"We interpret criminal statutes, like other statutes, in a manner consistent with ordinary English usage."**

Based on the above this case is capable of repetition yet evading judicial review. Plaintiff seeks a Order affirming SORNA is no longer applicable to him and even "[V]oluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." <u>Friends of The Earth,v. LaidlawEnvtl. Servs,</u> 528 U.S. 167 189 (2000). <u>Johnson</u> v. <u>Cincinnati</u>, 310 F.3d 484, 491(6thCir. 2002). <u>Mesquite</u> v. <u>Aladdin's Castle</u>,455 U.S. 283, 289, (1982). See <u>U.S.</u> v. <u>Nixon</u>, 418 U.S. 683 (1974), <u>Globe News</u> , v. <u>Norfolk</u>, 457 U.S. 596 (1982).

**VI.   THE   THREATENED   ACTIONS   OF   DEFENDANT   RUN COUNTER TO THE PLAIN LANGUAGE OF SORNA AND  IN FACT  EQUAL AN ACTUAL INJURY TO PLAINTIFF'S DUE PROCESS RIGHTS UNDER THE 5TH AND 14TH AMENDMENTS**

In Wright v. O'Day 706 F.3d 769 (6th Cir. 2013) it was noted that the threat

of placement on a registry did in fact equal an injury in fact as the court noted:

> In Cutshall v. Sundquist, we held that a sex offender had established an injury in fact sufficient to challenge a statute requiring his listing on a sex offender registry. 193 F.3d 466, 472 (6th Cir.1999). We held that the offender faced a specific threat every day because law enforcement officials could release his registry information at any time. Id. The State argued that there was no clear injury until the offender's registry information was about to be released. We rejected the state's argument, because it would require the offender to wait until his registry information had been released in order to challenge the statute. Id.

In the case at hand this is actually what Defendant is claiming they can do even

though their claim runs against the Plain Language of SORNA.  Such a threat not

supported by law equals a violation of Plaintiff rights of due process, rights that he

clearly exercised while seeking removal from the State of Michigan SORA registry.

Clearly noted in United States v. Felts, 674 F.3d 599, 602-3 (6th Cir. 2012)

> **Rather than establishing a federal agency to implement SORNA, Congress**, through its spending power, U.S. Const. Art. I, § 8, **directed all states and the District of Columbia to create local registries** that comply with specific national standards. 42 U.S.C. 16911(10), 16912(a).

In striking down a State registry provision in Packingham, v. North Carolina

__U.S. __ 137  S.Ct. 1730, 198 (2017) the U.S. Supreme Court per Justice Kennedy

23

(author of <u>McKune</u> v. <u>Lile</u>, 536 U.S. 24 (2002) and <u>Smith</u> v. <u>Doe</u>, 538 U.S. 84 (2003)) noted : **"It is instructive that no case or holding of this Court has approved of a statute as broad in its reach." At 1737.** Justice Kennedy correctly further observed: **[T]he troubling fact** . . . .the law imposes severe restrictions on persons who already have served their sentence and are no longer subject to the supervision of the criminal justice system is also not an issue before the Court. At 1738.

In the case at hand Defendant seeks to enforce a restriction that does not even exist and runs counter to the Plain Language of SORNA, as noted in <u>Carr</u> and <u>Nichols</u> supra, **Plaintiff is no longer a registrant**.  Per the above and under 34 U.S.C. §20913 (e) and 18 U.S.C. §2250 (see arguments supra),  Plaintiff is not required to register under SORNA and Defendant's assertion that he could be forced to register is a sufficient threat of a loss of his liberty (actual injury).

The Fourteenth Amendment requires due process of law for the deprival of "liberty," just as for deprival of "life," and there cannot constitutionally be a difference in the quality of the process based merely upon a supposed difference in the sanction involved. <u>Gideon</u> v. <u>Wainwright</u>, 372 U.S. 335, 350 (1963).  Substantive due process applies to the right a plaintiff has been denied, life, liberty or property. <u>County of Sacramento</u> v. <u>Lewis</u>  523 U.S. 833 (1998) <u>Daniels</u>, v. <u>Williams</u>, 474 U.S. 327, (1986). <u>Cleveland Bd. of Educ</u>, v. <u>Loudermill</u>, 470 U.S. 532, (1985).

24

"[T]he full scope of the liberty guaranteed by the Due Process Clause . . . is not a series of isolated points . . . . It is a rational continuum which, broadly speaking, includes a **freedom from all substantial arbitrary impositions and purposeless restraints** . . . ." Justice Souter, concurring at 288 Albright.

"[o]ne does not have to await the consummation of threatened injury to obtain preventive relief." Farmer v. Brennan 511 U.S. 825, 827 (1994). Allowing such actions would invite standardless arbitrary enforcement.'" Welch v. United States, 136 S.Ct. 1257,1262 (2016) . Plaintiff requests the Court to deny Defendant's Motion absent an Order that, per Carr and Nichols SORNA is no longer applicable to Plaintiff.

## CONCLUSION, REQUEST FOR RELIEF AND ATTORNEY FEES

As a result of the above an actual case and controversy exists. Plaintiff asks this Court to deny Defendant's Motion to Dismiss EFC 18 unless there is also an ORDER or stipulation that SORNA does not apply to Plaintiff. Plaintiffs' may be considered prevailing party for attorney's fee purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought bringing suit Hensley v. Eckerhart, 461 U.S. 424, 433,(1983) 42 U.S.C. §1988.

Respectfully Submitted:                     **Dated: 6-20-2019**

S/Daniel C. Willman
Daniel C. Willman
Attorney for Plaintiff

25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing paper, with the court using the ECF system which will send notification of such filing to the following or their appointed agents:

MATTHEW SCHNEIDER          United States Attorney
ZAK TOOMEY (MO61618)        zak.toomey@usdoj.com
BENJAMIN A. ANCHILL (P70968)   Benjamin.Anchill@usdoj.gov
*Attorneys for Defendant*
*U.S. Attorney General*
211 W. Fort St., Ste. 2001
Detroit, MI 48226 313-226-9566

**and/or**

I hereby certify that I have given notice of said filing by personal service of process or by mail using the United States Postal Service and will do so until the proper ECF respondent for each defendant is identified.

**This document may have been completed before the filing date.  EFC stamp takes precedence if there is any conflict with the filing date on this paper.**

**Date: 6-20-2019**

S/Daniel C. Willman
Daniel C. Willman
Attorney for Plaintiff

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that I consulted and complied with all local rules and that I electronically filed the forgoing with the clerk of the Court for the United States District Court for the Eastern District of Michigan Southern Division by using the CM/ECF system on:

**Date: 6-20-2019**
S/Daniel C. Willman
Daniel C. Willman
Attorney for Plaintiff

**A-1**

☐ **FEDERAL RULES OF APPELLATE PROCEDURE** [Last Amended December 1, 2018]

☐ **SIXTH CIRCUIT RULES**
[Last Amended August 16, 2012]

☐ **SIXTH CIRCUIT INTERNAL OPERATING PROCEDURES**
[Last Amended August 16, 2012]

☐ **SIXTH CIRCUIT GUIDE TO ELECTRONIC FILING**
[Last Amended August 16, 2012]

December 1, 2018

**A-2**

**6 Cir. I.O.P. 32.1       Preparation and Release of Opinions; Publication of Decisions**

(a)     **Preparation and Release of Opinions.**

   (1)     **Case Conferences; Writing Assignments; Conference Reports.**  At the conclusion of each day's arguments, the panel usually holds a conference concerning the cases submitted that day. The panel discusses a tentative decision. The presiding judge assigns opinion-writing responsibility.

   (2)     **Circulating Opinions to Panel Members.**  After the proposed opinion is prepared, the opinion-writing judge circulates it to the other two panel judges to obtain their concurrence, dissent, or special concurrence. The panel gives high priority to review of a judge's proposed opinion.

   (3)     **Circulating Opinions to Non-Panel Members.**  All judges receive copies of proposed published opinions.

   (4)     **Filing and Release of Decisions.**  The clerk's office files and releases all decisions. The clerk sends copies to counsel and makes them available to the public on the date of filing. The clerk's office does not receive advance notice of when a decision will be rendered.

(b)     **Publication of Decisions.**

   (1)     **Criteria for Publication.**  When determining whether a decision will be published in the Federal Reporter, panels consider whether the decision:

      (A)     Establishes a new rule of law, modifies an existing rule of law, or applies an established rule to a novel factual situation.

      (B)     Creates or resolves a conflict of authority within this circuit or between this circuit and another.

      (C)     Discusses a legal or factual issue of continuing public interest.

      (D)     Is accompanied by a concurring or dissenting opinion.

      (E)     Reverses the decision below, unless:

         (i)     the reversal was because of an intervening change in law or fact; or

         (ii)     the reversal is a remand to the lower court or agency – without further comment – of a case reversed or remanded by the United States Supreme Court;

87

**A-3**

(F) Addresses a published lower court or agency decision; or

(G) Has been reviewed by the United States Supreme Court.

(2) **Designation for Publication.** Any panel member may request that a decision be published.   The court may also publish on motion.

(3) **Unpublished Decisions.** Decisions not designated for publication are listed in table form in the Federal Reporter.

**FRAP 33**  **Appeal Conferences**

The court may direct the attorneys—and, when appropriate, the parties—to participate in one or more conferences to address any matter that may aid in disposing of the proceedings, including simplifying the issues and discussing settlement.   A judge or other person designated by the court may preside over the conference, which may be conducted in person or by telephone. Before a settlement conference, the attorneys must consult with their clients and obtain as much authority as feasible to settle the case.   The court may, as a result of the conference, enter an order controlling the course of the proceedings or implementing any settlement agreement.

**6 Cir. R. 33**  **Appeal Conferences - Mediation**

(a) **Civil Appeal Statement of Parties and Issues.** The appellant, petitioner, or applicant in a civil case must file with the court and serve on all parties a Civil Appeal Statement of Parties and Issues.

 (1) **When to File.** The Civil Appeal Statement must be filed as directed by the court.

 (2) **What to File.**

  (A) In an appeal from the district court or Tax Court, the Civil Appeal Statement must be filed on Form 6CA-53.

  (B) In an appeal from or application for enforcement of an administrative agency order, the Civil Appeal Statement must be filed on Form 6CA-54.

  (C) The forms are available on the court's website.

 (3) **Exception.** A pro se appellant, petitioner, or applicant is not required to file a Civil Appeal Statement.

88

**A-4**