UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M.S. WILLMAN,

        Plaintiff,

v.

        Case No.: 19-10360
        Honorable Gershwin A. Drain

UNITED STATES OFFICE OF
ATTORNEY GENERAL, *et al.*,

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#18] AND CANCELLING THE OCTOBER 4, 2019 HEARING

### I.    INTRODUCTION

Plaintiff M.S. Willman filed the instant action challenging the constitutionality of the Sex Offender Registration and Notification Act (SORNA), 34 U.S.C. § 20901 *et seq.*, a federal law that requires sex offenders to "register, and keep registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 34 U.S.C. § 20913(a).[1]

---

[1] In addition to his SORNA challenge, Plaintiff also challenged the constitutionality of Michigan's sex offender registration law- the Sex Offender Registration Act (SORA), MICH. COMP. LAWS § 28.723 *et seq*. However, on April 4, 2019, the Court entered the parties' Stipulated Order Dismissing the State Defendants who have agreed not to "enforce the 2006 and 2011 SORA amendments against

Presently before the Court is the Defendant United States Attorney General's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on May 30, 2019. Plaintiff filed a Response to the Defendant's Motion on June 20, 2019. Defendant filed a Reply on July 3, 2019. Upon review of the parties' briefing, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will cancel the hearing and will resolve the instant matter on the briefs. E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court grants Defendant's Motion to Dismiss.

## II. FACTUAL BACKGROUND

On November 2, 1993, Plaintiff was convicted of criminal sexual conduct assault with intent to commit sexual penetration and robbery. Compl.¶ 21. At the time of his conviction, SORNA did not exist. Plaintiff served a ten-year sentence and successfully completed parole. *Id*. at ¶ 29.

In his Complaint, Plaintiff brings the following claims: Ex Post Facto Clause, Count I; Fifth Amendment Double Jeopardy Clause, Count II; Eighth Amendment Cruel and Unusual Punishment, Count III; First Amendment right to privacy, Count IV; Privileges and Immunities Clauses of Article IV and the Fourteenth Amendment, Count V; Fourth Amendment unreasonable seizure, Count

---

Plaintiff." *See* Dkt. No. 16. Thus, the only claims before this Court are the constitutional challenges relative to the federal SORNA.

VI; Overbreadth and Vagueness Doctrines of the First and Fourteenth Amendments, Count VII.

Plaintiff seeks a declaration that SORNA, as applied to him and "any registrant," violates the above provisions of the United States Constitution. He also seeks an order requiring the removal of his name from the federal sex offender registry within 48 hours, and that he and "any registrant" need not comply with "any past, present, or future registration and reporting requirements" of SORNA.

## III. LAW & ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of*

*Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

B. **Defendant's Motion to Dismiss**

1. **Plaintiff's Duty to Comply with SORNA**

Plaintiff's main argument is that because Michigan removed him from the state sex offender registry in April of this year, he is no longer required to register under the federal SORNA.

SORNA requires that every "sex offender," defined as "an individual who was convicted of a sex offense, 34 U.S.C. § 20911(1), "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 34 U.S.C. § 20913. SORNA defines "sex offense," § 20911(5)(A), and federally classifies sex offenders into tiers according to the severity of their sex offense conviction. 34 U.S.C. § 20911(2)-(4). These tiers determine the amount of years an offender must register, § 20915, and how many in-person visits a sex offender must make per year. 34 U.S.C. § 20918. Thus, there is nothing in the statutory language of SORNA that ties federal registration to state-law requirements. This is consistent with SORNA's purpose to "establish[] a comprehensive national system for the registration of [sex] offenders." 34 U.S.C. § 20901. Faced with "a patchwork of federal and 50 individual state registration systems," *Reynolds v. United States*, 565 U.S. 432, 435 (2012), Congress created a uniform federal registration duty to deal with "'loopholes and deficiencies [that] allowed over 100,000 sex offenders

(about 20% of the total) to escape registration." *Gundy v. United States*, 139 S.Ct. 2116 (U.S. Jun. 20, 2019) (plurality opinion).

Thus, predicating a federal duty to register on a state-law registration requirement would undermine the very purpose of SORNA by re-implementing the "patchwork of . . . 50 individual state registration systems" with resulting "loopholes and deficiencies" which could allow some sex offenders to escape registration altogether. *See United States v. DelValle-Cruz*, 785 F.3d 48, 55 (1st Cir. 2015) (concluding that in light of SORNA's purpose of establishing greater uniformity, it would be "illogical" to allow individual states to determine the scope of federal registration).

Moreover, the Sixth Circuit has already determined that a sex offender's obligations under SORNA do not depend on whether the sex offender has duties under applicable state sex offender registration laws. *See United States v. Paul*, 718 F. App'x 360 (6th Cir. Dec. 11, 2017). Paul was convicted of rape in state court, but the judgment included a special condition releasing him from the obligation to register as a state sex offender under state law. *Id*. at 361. Paul argued that "the federal registration requirement is tied directly to the state requirement, such that only an individual who is required to register by his state of residence" may also be subject to the SORNA. *Id*. at 363 (internal quotation marks, brackets, and ellipses omitted).

In rejecting this argument, the Sixth Circuit Court of Appeals noted that "Paul fails to appreciate the duality of the sex offender registration systems." *Id.* Although "a sex offender's SORNA obligations are coextensive with corresponding state registration requirements," "SORNA impose duties on *all* sex offenders, irrespective of what they may be obligated to do under state law." *Id.* at 363-64 (emphasis in original). Plaintiff argues that Paul is not binding because it is an unpublished decision. However, it is persuasive authority resting on facts that are materially indistinguishable from those present here. *See Hood v. Keller*, 229 F. App'x 393, 398 n.5 (6th Cir. 2007) (unpublished decisions "may constitute persuasive authority especially where there are no published decisions which will serve as well.").

Additionally, at least three other circuits have issued unanimous, published opinions recognizing the independent obligation to comply with federal SORNA requirements even where state law duties do not exist. *See United States v. Billiot*, 785 F.3d 1266, 1269 (8th Cir. 2015) ("SORNA imposes an independent *federal* obligation for sex offenders to register that does not depend on, or incorporate, a state-law registration requirement.")(emphasis in original)); *United States v. Pendleton*, 636 F.3d 78, 86 (3d Cir. 2011) (holding that "Pendleton's federal duty to register under SORNA was not dependent upon his duty to register under Delaware law"); *Kennedy v. Allera*, 612 F.3d 261, 262 (4th Cir. 2010) (affirming

7

that "SORNA's clear and unequivocal requirement that individuals convicted of sex offenses must register as sex offenders under federal law applie[s] . . . even though Maryland had not fully implemented SORNA.").

Thus, contrary to Plaintiff's argument, he is required to comply with SORNA even though Michigan has removed him from the SORA.

**2. Ex Post Facto Clause**

Plaintiff asserts that SORNA violates the Ex Post Facto Clause of the Constitution. However, the Sixth Circuit, along with many other circuits, has already concluded that the SORNA does not violate the Ex Post Facto Clause. *See United States v. Felts,* 674 F.3d 599 (6th Cir. 2012); *Am. Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1053 (9th Cir. 2012); *United States v. Neel*, 641 F. App'x 782, 794 (10th Cir. 2016). In *Felts*, the offender argued that retroactive application of SORNA violates the Ex Post Facto Clause because it increased the punishment for his crime. *Id*. at 605-06. The Sixth Circuit rejected this argument and observed that there is a "unanimous consensus among the circuits that SORNA does not violate the Ex Post Facto Clause." *Id*

Plaintiff's reliance on *Does #1-5*, which held that retroactive application of Michigan's SORA violates the Ex Post Facto Clause, has no bearing on the constitutionality of SORNA because *Does #1-5* only addressed the constitutionality of Michigan's SORA. *Does #1-5 v. Snyder*, 834 F.3d 696, 706

(6th Cir. 2016). The two statutes are different. The challenged SORA provisions included a residency restriction prohibiting sex offenders from "living, working, or 'loitering' within 1,000 feet of a4 school" – a restriction the *Does #1-5* court deemed "very burdensome" because it "put significant restraints on how registrants may live their lives." 834 F.3d at 701-03. SORNA contains no such restriction. *See Umbarger v. Mich.*, No. 1:12-CV-705, 2013 WL 444024, *2 (W.D. Mich. Feb. 5, 2013) ("One prominent feature of SORA that clearly distinguishes it from SORNA . . . is the SORA also limits where sex offenders may work or reside."); *United States v. Morgan*, 255 F. Supp.3d 221, 231 n.2 (D.D.C. 2017) (noting that because "SORNA does not restrict where registrants can live, work, or loiter, . . . the reasoning in Snyder does not apply to SORNA.")

Plaintiff counters that the 2017 reclassification of SORNA from the civil code to the criminal code is clear proof that Congress intended SORNA to be punitive. This argument is unavailing. The *Smith* court found that the placement and label of a statutory provision is not dispositive of whether the legislature intended the law to be punitive. *Smith*, 538 U.S. at 94-95 (holding that the partial codification of Alaska's sex offender law in Alaska's criminal code was "[in]sufficient to support a conclusion that the legislative intent was punitive."); *see also Cutshall v. Sundquist*, 193 F.3d 466, 474 (6th Cir. 1999) (concluding that

the location of sex offender law within criminal procedure laws "does not assist us in determining whether the Act was intended to serve as punishment.").

Based on the foregoing considerations, Plaintiff has failed to state a viable Ex Post Facto Clause claim.

### 3. Double Jeopardy Clause

Plaintiff argues that SORNA violates the Double Jeopardy Clause. "The Double Jeopardy Clause of the Fifth Amendment prohibits more than one prosecution for the 'same offense,'" *Puerto Rico v. Sanchez Valle*, 136 S. Ct. 1863, 1867 (2016), meaning that it "protects against a second prosecution for the same offense after conviction." *Currier v. Virginia*, 138 S. Ct. 2144, 2150 (2018) (internal quotation marks omitted). As long as each offense "requires proof of a different element" and "proof of a fact which the other does not," there is no double jeopardy risk. *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Here, Plaintiff's claim is foreclosed by the Sixth Circuit's decision in *Felts*, where the court held that "failing to update [the] sex offender registry after the enactment of SORNA was entirely separate from [the offender's] crime of rape of a child and aggravated sexual battery." *Felts*, 674 F.3d at 606; *Watkins v. W. Virginia State Police*, No. 3:15-CV-136, 2016 WL 4548470, at *3 (N.D.W. Va. Sept. 1, 2016) (rejecting double jeopardy challenge to retroactive application of

SORNA, concluding that "requiring the Plaintiff to register as a sex offender is separate and distinct from his 1987 rape conviction."

Defendant is entitled to dismissal of Plaintiff's claim under the Double Jeopardy Clause.

### 4. Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. Plaintiff argues that "no other group faces" the "restrictions, restraints and disabilities" imposed by SORNA. Plaintiff complains that offenders are "forever kept under the shadow of their crime" because they cannot "change domicile without giving notice" and "become invisible" as "their home addresses are listed permanently," along with their images.

The Sixth Circuit's decision in *Felts* that SORNA "does not increase the punishment for the past conviction," *Felts*, 674 F.3d at 606, and its holding in *Cutshall*, 193 F.3d at 477, forecloses Plaintiff's cruel and unusual punishment claim.

In *Cutshall*, the Sixth Circuit considered whether Tennessee's sex offender registry law violated the Eighth Amendment's ban on cruel and unusual punishment, among other constitutional challenges. Because the law did not impose punishment, the *Cutshall* court concluded it could not violate the Eighth

Amendment's cruel and unusual punishment ban. *Id*. at 447 ("We have already concluded that the Act does not impose punishment; it is regulatory in nature. Therefore, it does not violate the Eighth Amendment's prohibition on cruel and unusual punishment.").

Plaintiff argues that the watershed landmark decision of *Timbs v. Indiana*, -- U.S. --, 139 S. Ct. 682, 203 L.Ed. 2d 11 (2019) has created a "dramatic landscape shift" which "clearly undercuts Defendants [sic] reliance on *Cutshall* . . . to SORNA . . . because of [the] vast array of excessive punishments." Reply brief at Pg ID 422. However, *Timbs* addressed the Eighth Amendments' excessive fines clause and concluded it was incorporated by the Due Process Clause of the Fourteenth Amendment. *Id*. at 689. Plaintiff does not explain how the holding in *Timbs* undercuts the Sixth Circuit's decision in *Cutshall*. Defendant is likewise entitled to dismissal of this claim.

   5. **Right to Privacy**

Plaintiff alleges that the online publication of detailed information about him violates his right to privacy under the First Amendment. The Supreme Court has recognized a constitutionally protected privacy interest "in avoiding disclosure of personal matters." *Whalen v. Roe*, 429 U.S. 589, 599 (1977). The Sixth Circuit has read *Whalen* "narrowly, and will only balance an individual's interest in nondisclosure of informational privacy against the public's interest in and need for

the invasion of privacy where the individual privacy interest is of constitutional dimension." *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1061 (6th Cir. 1998). If the privacy interest is not of "constitutional dimension," rational-basis scrutiny applies, and the statute will be upheld if it is rationally related to legitimate government interests. *See Does v. Munoz*, 507 F.3d 961, 966 (6th Cir. 2007) ("We conduct rational-basis review of statutes that do not implicate a plaintiff's fundamental rights.").

The privacy interest of sex offenders in keeping their personal information confidential is not a privacy interest of constitutional dimension. *Valentine v. Strickland*, No. 5:08-CV-00993, 2009 WL 9052193, at *8 (N.D. Ohio Aug. 19, 2009)("[T]here is no fundamental right to privacy that is deeply rooted in our Nation's history in the context of sex offender registration statutes."). The decision in *Valentine* is supported by *Doe v. Michigan Department of State Police*, 490 F.3d 491 (6th Cir. 2007).

In *Doe*, the Sixth Circuit considered the interplay between Michigan's SORA and its Holmes Youthful Trainee Act (HYTA). Under SORA, certain juveniles eligible for a diversion program under HYTA without entry of a conviction were required to register as convicted sex offenders despite the absence of a conviction for a sex offense. *Id*. at 494-96. The juveniles argued that the requirement to register under SORA violated the promise of privacy embedded in

HYTA. The Sixth Circuit rejected this argument, observing that "[o]ther circuit courts have considered substantive due process arguments against the registration requirement of sex-offender registries," and "[e]ach . . . has found that the registry laws are constitutional." *Id*. at 499-00. In light of its conclusion that the right of a sex offender to be free from registration "is not a fundamental right deeply rooted in our Nation's history," the *Doe* court applied rational basis scrutiny and determined that Michigan's interest in SORA "satisfies the rational-basis standard." *Id*. at 500-01.

Plaintiff's right to privacy claim is also undercut by the Sixth Circuit's decision in *Cutshall*, 193 F.3d at 481. The *Cutshall* plaintiff argued that publication of his personal information on Tennessee's sex offender registry violated his right to privacy, but the Sixth Circuit disagreed:

> The Constitution does not provide Cutshall with a right to keep his registry information private, and the Act does not impose any restrictions on his personal rights that are fundamental or implicit in the concept of ordered liberty, such as his procreative or marital rights.

*Id*. The Supreme Court has also suggested that publication of personal information about convicted sex offenders is permissible even though it has yet to explicitly address a right to privacy claim.

> The purpose and the principal effect of notification are to inform the public for its own safety, not to humiliate the offender. Widespread public access is necessary for the efficacy of the scheme, and the

attendant humiliation is but a collateral consequence of a valid regulation.

*Smith*, 538 U.S. at 99.

Based on the foregoing considerations, Plaintiff's right to privacy claim is subject to dismissal under Rule 12(b)(6).

### 6. Privileges and Immunities Clause

Plaintiff also brings a claim under the Privileges and Immunities Clause and argues that SORNA's travel reporting requirements "bar[] [registrants] from free travel." However, SORNA merely requires offenders to keep their registration current. 34 U.S.C. § 20913(a), (c). Travel is not banned under SORNA. *See United States v. Holcombe*, 883 F.3d 12, 18 (2d Cir. 2018) ("SORNA's registration requirement does not violate [a sex offender's] right to travel."); *United States v. Byrd*, 419 F. App'x 485, 491 (5th Cir. 2011) ("We join our sister circuits and hold that SORNA's registration requirements do not implicate the fundamental right to travel of convicted sex offenders because nothing in the statute precludes an offender from entering or leaving another state, being treated as a welcome visitor in the second State, or being treated like other citizens of that State if the offender chooses to permanently relocate.") (quotation marks, ellipses, and brackets omitted); *Bacon v. Neer*, 631 F.3d 875, 878 (8th Cir. 2011) ("The right to travel contention has been rejected by two of our sister circuits and is without merit on

the facts of this case because Bacon is free to travel if he registers."); *United States v. Shenandoah*, 595 F.3d 151, 162 (3d Cir. 2010) ("[M]oving from one jurisdiction to another entails many registration requirements required by law which may cause some inconvenience, but which do not unduly infringe upon any one's right to travel.")

### 7. Unlawful Seizure

Plaintiff also alleges that the "mandatory registration requirements and restrictions" of SORNA subject registrants to a "continuing seizure," in part because registrants are required to "speculate as to the meaning" of sex offender laws and "know the complex SORA type statutes in every jurisdiction."

However, an unlawful seizure occurs "only when there is a governmental termination of freedom of movement through means intentionally applied." *Brower v. Cty. of Inyo*, 489 U.S. 593, 597 (1989) (emphasis omitted). The registration requirements in SORNA do not amount to a termination of freedom of movement. Indeed, the Sixth Circuit has concluded that registration requirements do not render a sex offender "in custody" for habeas corpus purposes. *Hautzenroeder v. Dewine*, 887 F.3d 737, 741 (6th Cir. 2018); *see also United States v. Shannon*, 511 F. App'x 487, 491-92 (6th Cir. Jan. 14, 2013) (holding that SORNA does not impose "affirmative disability or restraint" on registrants because

it does not "physically restrain[]" them or "directly restrict their mobility, employment, or how they spend their time."

Here, Plaintiff has not suffered a restraint of freedom of movement, thus Defendant is likewise entitled to dismissal of this claim.

### 8. Overbreadth and Vagueness Doctrines

A statute is void for vagueness if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008). Additionally, "a law may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to the statue's plainly legitimate sweep.'" *United States v. Stevens*, 559 U.S. 460, 473 (2010) (quoting *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 n.6 (2008)).

Here, Plaintiff fails to identify the specific statutory language he is challenging, therefore his claim is subject to dismissal on this basis alone. *See McCloud v. United States*, No. 4:11-CV-1721, 2015 WL 224990, at *21 (E.D. Mo. Jan. 15, 2015) (rejecting vagueness challenge as a basis for an ineffective assistance of counsel claim where "movant does not identify what particular language of the statute is vague.")

Moreover, vagueness challenges to SORNA have consistently been rejected by the federal courts, including the Sixth Circuit. *See, e.g., United States v. Holcombe*, 883 F.3d 12, 17 (2d Cir. 2018) (rejecting vagueness challenge to SORNA's definition of reside); *Paul*, 718 F. App'x at 364 (SORNA not vague as applied to offender whose state court judgment of conviction absolved him of duty to comply with sex offender registry because any confusion regarding his registration obligations stemmed from the state court judgment and not from SORNA); *United States v. Schofield*, 802 F.3d 722, 730-31 (5th Cir. 2015) (rejecting vagueness challenge to SORNA's definition of sex offense); *United States v. Walker*, 552 F. App'x 646, 647 (9th Cir. 2014) (rejecting vagueness challenge to SORNA's definition of reside); *United Sates v. Bruffy*, 466 F. App'x 239, 243-44 (4th Cir. 2012) (rejecting argument that SORNA's reporting requirements are unconstitutionally vague as applied to transient offenders); *United States v. Fox*, 286 F. Supp.3d 1219, 1224 (D. Kan. 2018) (rejecting argument that SORNA is "overbroad because it applies to non-violent sex offenders as well as violent predators."). Plaintiff's overbreadth and vagueness challenge is also subject to Rule 12(b)(6) dismissal.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion to Dismiss [#18] is GRANTED.

Dated: October 1, 2019                    /s/Gershwin A. Drain
                                          GERSHWIN A. DRAIN
                                          United States District Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 1, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager